**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **GREATGIGZ SOLUTIONS, LLC,** | |
| Plaintiff, | **Civil Action No: 6:20-cv-00633-ADA** |
| v. | **PATENT CASE** |
| **ANGIE'S LIST, INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

<u>**DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE**</u>

FISH & RICHARDSON P.C.
Neil J. McNabnay
mcnabnay@fr.com
Texas Bar No. 24002583
Ricardo J. Bonilla
rbonilla@fr.com
Texas Bar No. 24082704

1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

***Attorneys for Defendant***
***Angie's List, Inc.***

# TABLE OF CONTENTS

I.   STATEMENT OF ISSUES......................................................................................... 1

II.  FACTS ...................................................................................................................... 1

III. LEGAL STANDARD AND APPLICABLE LAW ................................................... 2

IV.  ARGUMENT ............................................................................................................ 3

    A.   Angie's List Does Not "Reside" in the Western District of Texas ............................ 3

    B.   Angie's List Has No "Physical Place" or "Regular and Established Place of Business" in the Western District of Texas.......................................................... 4

V.   CONCLUSION ........................................................................................................ 6

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*In re BigCommerce, Inc.*,
   890 F.3d 978 (Fed. Cir. 2018)...................................................................................2

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017)........................................................................ *passim*

*In re Google LLC*,
   949 F.3d 1338 (Fed. Cir. 2020)............................................................................5, 6

*L & H Concepts LLC v. Schmidt*,
   *No.* 6:07 CV 65, 2007 WL 4165259 (E.D. Tex. Nov. 20, 2007)...............................3

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017)...............................................................................................2

*In re ZTE (USA) Inc.*,
   890 F.3d 1008 (Fed. Cir. 2018)................................................................................3

**Statutes**

28 U.S.C. § 1406(a) ...............................................................................................................1

28 U.S.C. § 1400(b) ....................................................................................................2, 3, 4, 6

28 U.S.C. § 1406(a) .............................................................................................................3, 6

Venue is not proper in this District. Under *TC Heartland LLC v. Kraft Foods Group Brands LLC*, venue in a patent case is only proper where: (1) the defendant resides, or (2) in a district in which the defendant has a regular and established place of business and has committed acts of infringement. Defendant Angie's List, Inc. does not reside and has never resided in this District and has no physical presence or regular and established place of business in this District. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. 1406(a), Angie's List respectfully requests that this Court dismiss all claims in Plaintiff GreatGigz Solutions LLC's ("GGS") Complaint for improper venue.

## I.   STATEMENT OF ISSUES

Pursuant to Local Rule CV-7(a)(1), Angie's List identifies the following issues to be decided by this dispositive motion to dismiss under Rule 12(b)(3):

1.    Whether venue in the Western District of Texas is proper when Angie's List does not reside in the District or have a regular and established place of business in the District.

## II.   FACTS

Although Angie's List's website is accessible across the United States, Angie's List neither resides nor has a place of business in the Western District of Texas. (Pasricha Decl. at ¶ 4.) Angie's List does not currently maintain and has never maintained any real or personal property—including storage, data, distribution, or manufacturing facilities—or employed any employees at a place of business in the Western District of Texas. (*Id*. at ¶¶ 5-8.) Angie's List does not own, operate, or control any data centers in this District. (*Id*. at ¶ 6.)

On July 14, 2020, GGS filed its Complaint against Angie's List, alleging infringement of U.S. Patent Nos. 6,662,194 and 7,490,086. (Dkt. No. 1.) GGS's Complaint alleges that Angie's List's website, ancillary sites, and mobile applications (the "Accused Instrumentalities") infringe one or more of the claims, directly or indirectly, of the patents. (*Id.* at ¶¶ 36, 39–51, 60–66.) The

1

Complaint acknowledges that Angie's List's is a Delaware corporation with a principal place of business in the Southern District of Indiana. (*Id.* at ¶ 2.) Nevertheless, GGS's Complaint asserts that venue is proper in the Western District of Texas because the Accused Instrumentalities are "hosted on the Akamai platform." (*Id.* at ¶ 6.) GGS cites to servers owned, operated, and maintained by Akamai Technologies, Inc., and not Angie's List. As demonstrated by the Hosting Checker screenshot in paragraph 5 of GGS's Complaint, the Akamai server hosting Angie's List's website is located in New York, not Texas. (*Id.* at ¶ 5.) GGS further cites (and highlights) an Akamai article published May 6, 2019, describing "Akamai's aggregate Texas area data center operations." (*Id.*) The article makes clear, however, that Akamai's aggregate Texas area data center is not located in the Western District of Texas, but rather, in Dallas—the Northern District of Texas. (*See id.* ("Akamai Technologies To Power ***Dallas*** Data Center With Sustainable Energy" (emphasis added)).)

## III.   LEGAL STANDARD AND APPLICABLE LAW

In a patent case, venue is proper only "[1] in the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017). When applied to domestic corporations, the first prong of section §1400(b) generally "refers [] to the State of incorporation." *TC Heartland* at 1521. In a multi-district state such as Texas, however, only "the judicial district where the principal place of business is located" is the district in which it "resides" for venue purposes. *In re BigCommerce, Inc.*, 890 F.3d 978, 982 (Fed. Cir. 2018). The second prong of Section 1400(b) requires that "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed.

Cir. 2017). All three factors of the second prong must be met in order for venue to be proper in a specific district. *Id*.

Once a defendant raises a 12(b)(3) motion to dismiss for improper venue, the burden of proving whether venue is appropriate shifts to plaintiff. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018); *L & H Concepts LLC v. Schmidt*, No. 6:07 CV 65, 2007 WL 4165259, at *1 (E.D. Tex. Nov. 20, 2007) (citing *Laserdynamics Inc. v. Acer Am. Corp.*, 209 F.R.D. 388, 390 (S.D. Tex. 2002)). If venue is improper under Section 1400(b), the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## IV.     ARGUMENT

Venue is improper for Angie's List in this District under both prongs of § 1400(b). GGS's assertions regarding venue are wrong. Angie's List does not "reside" in the Western District of Texas under the first prong of § 1400(b) because Angie's List does not have, and never has had, ***any*** place of business in the District. (Pasricha Decl. at ¶¶ 3-5; Ex. A.) Angie's List has no "physical place" and no "regular and established place of business" in the Western District of Texas under the second prong of § 1400(b). (*Id.* at ¶ 5-6.) Angie's List therefore respectfully requests that the Court grant its motion and dismiss this case. FED. R. CIV. P. 12(b)(3); 28 U.S.C. § 1406(a).

### A.     Angie's List Does Not "Reside" in the Western District of Texas

Angie's List does not reside in the Western District of Texas for the purposes of the first prong of §1400(b). Angie's List is incorporated in Delaware and maintains a place of business in Indianapolis, Indiana. (Pasricha Decl. at ¶¶ 3-4.) Indianapolis, Indiana is located in the Southern District of Indiana. As a result, under §1400(b), Angie's List resides in the Southern District of

Indiana or the District of Delaware. Angie's List residency under § 1400(b) is uncontroverted in GGS's Complaint.

B.     **Angie's List Has No "Physical Place" or "Regular and Established Place of Business" in the Western District of Texas**

Angie's List has no "physical place" and no "regular and established place of business" in the Western District of Texas for the purposes of the second prong of §1400(b). Angie's List has no physical locations in Texas. (Pasricha Decl. at ¶¶ 4-5.) Angie's List has no property, real or otherwise, in the Western District of Texas. (*Id*. at ¶ 5.) Angie's List has no bank accounts or telephone listings in the Western District of Texas. (*Id*. at ¶ 7.) Angie's List does not own or lease any office, warehouse, datacenter, or other real estate within the Western District of Texas. (*Id*. at ¶¶ 5-6.) And Angie's List has no employees or contractors in the Western District of Texas working at an Angie's List place of business (there is none). (*Id*. at ¶ 8.) In short, Angie's List has no physical presence whatsoever in the Western District of Texas.

The Federal Circuit in *In re Cray Inc*. determined that for a defendant to have "a 'regular and established place of business' in a certain district within the meaning of 1400(b)" three conditions must be true: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." 871 F.3d 1355, 1360. Importantly, "[i]f any statutory requirement is not satisfied, venue is improper under §1400(b)." *Id*. None of the three conditions are present in the instant case.

For the first condition, "physical place," the Federal Circuit held that "there must be a physical, geographical location in the district from which the business of the defendant is carried out." *Id.* at 1362. As detailed above, Angie's List has no physical presence in the Western District of Texas. (Pasricha Decl. at ¶¶ 3-6.) Although the Complaint references Angie's List's use of the Akamai cloud service, this fact is of no consequence. GGS's allegations of a physical place are

4

limited to a datacenter not owned or operated by Angie's List, which is also located outside of this District. (Dkt. 1, ¶ 5.)

For the second condition, "regular and established," the Federal Circuit explained that a business may be regular if it "operates in a steady, uniform, orderly and methodical" manner. *In re Cray*, 871 F.3d 1355, 1362 (internal citation omitted). The Federal Circuit further explained that the place of business is "not transient" and "must for a meaningful time period be stable, established." *Id.* at 1363. As detailed above, Angie's List has no place of business in the Western District of Texas, temporary or otherwise. (Pasricha Decl. at ¶¶ 3-6.) There is no physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged "place of business" as required by the Federal Circuit. *See In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020).

GGS's Complaint alleges that Angie's List has a "regular and established place of business" in the Western District of Texas because it hosts its website on Akamai's cloud service. (Dkt. 1, ¶ 5–6 (alleging that the "Accused Instrumentalities are hosted on the Akamai platform," and are "under the joint direction and control of Akamai and Angie's List, such that it is a 'regular and established place of business' of Angie's List").) The server hosting Angie's List's website, as identified by GGS, is located in New York, and the Akamai servers located in Texas are located in the Northern District of Texas, not in the Western District. (*Id.*)

Even if the Akamai servers were located in the Western District of Texas (they are not), the servers would still not provide proper venue for Angie's List. In *Google*, the Federal Circuit held that Google's renting of server space in two ISPs' data centers within a district was insufficient to be a "regular and established place of business" of Google within the district for purposes of venue. 949 F.3d at 1347. The Federal Circuit applied agency relationship factors to

inquire whether the ISPs acted as an agent of Google. *Id.* at 1345–47. The Court looked at the contracts between Google and the ISPs and held that maintaining servers is not the same as acting as an agent, explaining that the ISPs conduct "is permitted 'only with specific and direct step-by-step instructions from Google.'" *Id.* at 1346. "Maintaining equipment is meaningfully different from—as only ancillary to—the actual producing, storing, and furnishing to customers of what the business offers." *Id*.

Here, further removed from *Google*, Angie's List does not rent any space in the District for any of its servers. *See Google* at 1340 ("Google had entered into contracts with two ISPs to host GGC servers owned by Google in the Eastern District of Texas: Cable One Inc. ('Cable One') and Suddenlink Communications ('Suddenlink')."). Instead, Angie's List is using a cloud provider (Akamai), that, according to GGS's Complaint, has a data center in Dallas—the Northern District of Texas—but not this District. (Dkt. No. 1, ¶ 5.)

For the third and final condition, the "regular and established place of business" must be "the place of the defendant, not solely a place of the defendant's employee." 871 F.3d 1355, 1363. As detailed above, Angie's List has no place of business for an employee to work in the Western District of Texas. (*See* Pasricha Decl. at ¶¶ 3-6.) Accordingly, venue is improper for Angie's List in this District under both prongs of § 1400(b). Angie's List therefore respectfully requests that the Court grant its motion and dismiss this case. FED. R. CIV. P. 12(b)(3); 28 U.S.C. § 1406(a).

## V.    CONCLUSION

For the reasons set forth, Angie's List respectfully requests that this Court grant its motion to dismiss for improper venue.

Dated: September 22, 2020

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ Ricardo J. Bonilla*
    Neil J. McNabnay
    macnabnay@fr.com
    Texas Bar No. 24002583
    Ricardo J. Bonilla
    rbonilla@fr.com
    Texas Bar No. 24082704

    1717 Main Street, Suite 5000
    Dallas, Texas 75201
    (214) 747-5070 (Telephone)
    (214) 747-2091 (Facsimile)

**Attorneys for Defendant**
**Angie's List, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served on this 22nd day of September, 2020, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Ricardo J. Bonilla*
Ricardo J. Bonilla